UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES HOUSE CONDOMINIUM ASSOCIATION INC.** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-2513** |
| **OLD REPUBLIC UNION INSURANCE COMPANY** | **SECTION I** |

### ORDER AND REASONS

Before the Court is plaintiff Charles House Condominium Association, Inc.'s ("plaintiff") motion[1] pursuant to Federal Rule of Civil Procedure 54 to lift the stay and reconsider the Court's prior order compelling arbitration. Defendant Old Republic Union Insurance Company ("defendant") opposes the motion.[2] Plaintiff filed a reply.[3] For the reasons that follow, the Court denies plaintiff's motion.

### I. BACKGROUND

This suit arises from a property insurance claim. Plaintiff is a condominium association for a building located on St. Charles Avenue in New Orleans, Louisiana.[4] Plaintiff alleges the property was "significantly damaged" by Hurricane Ida in August 2021.[5] At that time, defendant insured the property pursuant to a surplus commercial property insurance policy.[6] The policy contains an arbitration clause, which provides:

---

[1] R. Doc. No. 33.
[2] R. Doc. No. 34.
[3] R. Doc. No. 35.
[4] R. Doc. No. 1, ¶ 5.
[5] *Id.* ¶ 7.
[6] R. Doc. No. 7-2, at 2; R. Doc. No. 7-3, at 1.

> All matters in difference between you and us (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, or the value of the property or the amount of loss, and whether arising during or after the policy period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.[7]

After a dispute arose as to the amount of damages sustained by plaintiff's property, plaintiff filed this lawsuit, asserting claims against defendant for breach of contract and for violations of an insurer's statutory duties of good faith and fair dealing pursuant to La. R.S. 22:1892 and 22:1973.[8]

Defendant then filed a motion to compel arbitration and stay proceedings in order to enforce the arbitration provision.[9] Defendant argued, among other things, that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") compels the Court to enforce the arbitration provision.[10] Because Syndicate 1458, a United Kingdom insurance provider, was also a party to the insurance contract, defendant argued that the Convention applies to the contract and supersedes Louisiana law barring arbitration provisions.[11]

Plaintiff opposed the motion in part but conceded that, because Syndicate 1458 is party to the insurance contract, "the [Convention] applies regardless of La. R.S. 22:868's prohibition" against depriving Louisiana state courts of jurisdiction or venue of actions brought against the insurer.[12] Plaintiff acknowledged that it could not

---

[7] R. Doc. No. 7-3, at 51.
[8] R. Doc. No. 1, ¶¶ 20–29.
[9] R. Doc. No. 7.
[10] R. Doc. No. 7-2, at 4–10.
[11] *Id.* at 9–10, 21.
[12] R. Doc. No. 18, at 3; *see also* La. R.S. 22:868(A).

2

dispute that this matter would be subject to arbitration.[13] The Court therefore granted defendant's motion and stayed this matter pending completion of arbitration, concluding that the Convention applied to the insurance contract and that the Convention superseded state law.[14]

Plaintiff now asks this Court to reconsider its previous order compelling arbitration and to lift the stay.[15] Plaintiff argues that the Louisiana Supreme Court's decision in *Police Jury of Calcasieu Parish v. Indian Harbor Insurance Co.*, 395 So.3d 717 (La. 2024), establishes that La. R.S. 22:868 voids arbitration clauses in domestic surplus lines policies.[16]

## II. STANDARD OF LAW

A motion for reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which allows a court to "revise[ ] at any time" "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of judgment." Rule 54(b) allows a court "to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

---

[13] R. Doc. No. 18, at 1.
[14] R. Doc. No. 27.
[15] R. Doc. No. 33.
[16] *Id.* at 1.

3

### III. ANALYSIS

Plaintiff argues that, when the Court first issued its order and reasons compelling the parties in this case to arbitrate, "[t]he state of the law at the time compelled the Court to determine that Plaintiff . . . could be compelled to arbitrate its claims against a domestic surplus lines insurer given the presence of an arbitration clause in the insurance contract with a foreign insurer."[17] However, plaintiff argues, "the law has changed, rendering the Court's previous conclusion incorrect."[18] Based on changes in Louisiana law decided in *Police Jury of Calcasieu Parish v. Indian Harbor Insurance Co*, plaintiff asks this Court to reconsider its prior ruling pursuant to Rule 54 of the Federal Rules of Civil Procedure.[19]

Plaintiff also argues for the first time in its reply brief that the Convention does not apply to the contract in this case because plaintiff's contract with defendant, the domestic insurer, and Syndicate 1458, the foreign insurer, are separate contracts.[20] In support, plaintiff points to the fact that defendant and Syndicate 1458 each have separate policy numbers, along with one master policy number.[21] Plaintiff also argues that defendant's and Syndicate 1458's obligations pursuant to the policy are several.[22]

---

[17] R. Doc. No. 33-1, at 2.
[18] *Id.*
[19] *Id.*
[20] R. Doc. No. 35, at 5–6.
[21] *Id.*
[22] *Id.*

As an initial matter, the Court declines to construe the policy as creating separate contracts with each of the insurers. Plaintiff previously conceded that defendant and Syndicate 1458 are part of the same contract, and the Convention applies to the policy.[23] Additionally, plaintiff's attempt to raise this argument for the first time in a reply brief submitted to support a motion asking the Court to reconsider its prior order would ordinarily waive plaintiff's argument. *See Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived.").

Furthermore, the policy and the lack of citation to any legal support provides no indication to the Court that plaintiff's argument is a meritorious one. Though the policy contains separate policy numbers, all obligations are governed by one master policy number.[24] Importantly, unlike other cases finding that obligations in one policy document amount to separate contracts, the policy here has no provision instructing that it be construed as separate contracts between the insured and each of the insurers. *Cf. e.g.*, *Arrive Nola Hotel, LLC v. Certain Underwriters at Lloyds, London*, No. CV 24-1585, 2025 WL 871608, at *3 (E.D. La. Mar. 20, 2025) (Brown, C.J.). The policy is likewise one document that consistently refers to defendant's and Syndicate 1458's obligations as part of the same policy. For example, the common policy declaration page lists the Syndicate 1458 policy and defendant's policy as separate

---

[23] R. Doc. No. 18, at 3 ("Plaintiff concedes that . . . based upon the fact that a Lloyd's syndicate underwrote part of the policy at issue, [the Convention] applies regardless of La. R.S. 22:868's prohibition 'depriving the courts of this state of jurisdiction or venue of action against the insurer.'" (quoting La. R.S. 22:868)).
[24] R. Doc. No. 7-3, at 4.

coverage parts of a singular policy.[25] While the insurer subscription endorsement provides that the insurers' obligations are several, these obligations are for separate participation percentages that together amount to 100 percent of the policy.[26] The Court therefore finds no basis to revisit its previous conclusion that the defendant and Syndicate 1458 are subject to the same contract and that the Convention applies to that contract.

The Court next addresses whether there has been a change in intervening law that warrants reconsidering its order compelling arbitration. In *Police Jury of Calcasieu Parish*, the Louisiana Supreme Court answered certain questions certified to it by the U.S. District Court for the Western District of Louisiana. 395 So.3d at 720. Relevant to the analysis here, the Louisiana Supreme Court held that La. R.S. 22:868(A) and its prohibition of arbitration clauses in insurance contracts had not been implicitly repealed by another subsection of that statute. *Id.* at 725. An arbitration provision in an insurance contract is impermissible and cannot be construed as permissible forum or venue selection clause "when it operates to fully deprive courts of jurisdiction." *Id.* at 724–25. The court likewise held that non-signatory domestic insurers cannot use Louisiana's equitable estoppel doctrine to compel arbitration based on an arbitration provision in a foreign insurer's policy. *Id.* at 729. In so holding, the court noted that "domestic insurers do not fall under the rules of the Convention." *Id.*

---

[25] *Id.*
[26] *Id.* at 6.

6

The Louisiana Supreme Court's decision in *Police Jury of Calcasieu Parish* clarified application of La. R.S. 22:868 pursuant to Louisiana law. Yet, the court's decision did nothing to affect the application of arbitration provisions in insurance contracts governed by the Convention. Importantly, the Louisiana Supreme Court's holding concerned domestic insurers who were not signatories to an insurance policy with a foreign insurer and were therefore not governed by the Convention. The only positive law that governed the obligations in that case was Louisiana law.

Plaintiff's primary argument in its motion appears to be that *Police Jury of Calcasieu Parish* establishes that the Convention, even when it applies, does not supersede state law barring arbitration provisions.[27] This is a plainly incorrect reading of *Police Jury of Calcasieu Parish*, the holding of which has no application to insurance contracts governed by the Convention.[28]

In support of its motion, plaintiff cites multiple cases in which other sections of this Court have granted Rule 54(b) motions and vacated orders to arbitrate based on *Police Jury of Calcasieu Parish*.[29] However, in none of these cases did the court determine that the Convention applied to govern the contract. In four cases cited, the domestic insurer was not governed by the Convention because of explicit language in the policy directing courts to treat the contract as creating separate contracts between

---

[27] *See id.* at 8.

[28] As the Court noted in its order and reasons compelling arbitration, the Fifth Circuit has held that the Convention supersedes state law. *See* R. Doc. No. 27, at 3 (citing *Safety Nat'l Cas. Corp. v. Certain Underwriters at Lloyd's, London*, 587 F.3d 714, 732 (5th Cir. 2009)).

[29] *See* R. Doc. No. 33-1, at 10–11.

the insured and each of the insurers. *See 3501 N. Causeway Assocs., LLC v. Certain Underwriters at Lloyd's, London*, 348 F.R.D. 298, 300 (E.D. La. 2025) (Barbier, J.); *Crescent City Surgical Operating Co. v. Certain Underwriters at Lloyd's, London*, No. CV 22-2625, 2025 WL 239404, at *3–4 (E.D. La. Jan. 17, 2025) (Fallon, J.); *Certain Underwriters at Lloyd's London v. Belmont Commons LLC*, No. CV 22-3874, 2025 WL 239087, at *2 (E.D. La. Jan. 17, 2025) (Fallon, J.); *Apex Hosp. Group, LLC v. Indep. Specialty Ins. Co.*, No. CV 23-2060, 2025 WL 457874 (E.D. La. Feb. 11, 2025) (Milazzo, J.).[30] In another case, all parties to the insurance contract at issue were domestic. *See Ramsey v. Indep. Specialty Ins. Co.*, No. CV 23-0632, 2025 WL 624031 (E.D. La. Feb. 26, 2025) (Lamelle, J.).[31] And in the final case, no party ever suggested that the Convention applied to the contract at issue. *See JAY VMK, LLC v. Indep. Specialty Ins. Co., Inc.*, No. CV 23-720, 2024 WL 4855525 (E.D. La. Nov. 21, 2024) (Barbier, J.).[32]

The cases cited by plaintiff in its brief are therefore distinguishable from the case at hand. Plaintiff does not establish that the contract at issue here should be construed as separate contracts or that the Convention does not otherwise apply. Because *Police Jury of Calcasieu Parish* does not apply to insurance contracts

---

[30] *See also* E.D. La. Case No. 23-2060, R. Doc. No. 20, at 4–5 (concluding that the insured had separate contracts with the domestic insurer and the foreign insurer because of language in the policy stating that the contract "shall be construed as a separate contract between the Named Insured and each of the Insurers").

[31] *See also* E.D. La. Case No. 23-0632, R. Doc. No. 16, at 7 n.2 (concluding that the Convention did not apply because all parties to the contract were domestic).

[32] *See also* E.D. La. Case No. 23-720, R. Doc. No. 44 (the defendants' opposition to the plaintiff's motion to lift the stay and reconsider its order compelling arbitration, which argued only that the plaintiff's motion was untimely).

governed by the Convention, plaintiff has failed to establish that a change in intervening law warrants vacating the order compelling arbitration in this matter.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion is **DENIED.**

New Orleans, Louisiana, April 9, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**